UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRANSAMERICA LIFE
INSURANCE COMPANY,                              Case No. 2:22-cv-10900

                Plaintiff,                              HONORABLE STEPHEN J. MURPHY, III

v.

JENNIFER PREBAY, et al.,

                Defendants.
                                          /

**ORDER GRANTING**
**MOTION FOR AN INTERPLEADER DEPOSIT [7]**

Plaintiff Transamerica Life Insurance moved for an interpleader deposit. ECF 7. "Interpleader is an equitable proceeding that 'affords a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding.'" *United States v. High Tech. Prods., Inc.*, 497 F.3d 637, 641 (6th Cir. 2007) (quotation omitted). An interpleader action has two parts: (1) "the court determines whether the stakeholder has properly invoked interpleader," and (2) "the court determines the respective rights of the claimants to the fund or property at stake via normal litigation processes." *Lindenberg v. Jackson Nat. Life Ins. Co.*, 912 F.3d 348, 356 (6th Cir. 2018) (quotations omitted).

To satisfy the first part, Transamerica must show: "(1) the existence of actual or potential conflicting claims to a limited fund or property held by the

1

stakeholder, . . . (2) an amount in controversy of at least $500, . . . and (3) minimal diversity among the competing claimants." *Id.*; *see also* 28 U.S.C. § 1335.

Transamerica has established all the elements. There are conflicting claims over the death benefits due under the insured's life insurance policy, the policy amount is for $100,000, and there is minimal diversity between the potential claimants. ECF 1, PgID 2–3. The Court will therefore grant the motion and allow Transamerica to deposit the funds in the court registry. The Court will dismiss Transamerica from the case after Transamerica deposits the funds in the court registry and after Defendants have been served and have filed responsive pleadings to the complaint. Defendants may contest the distribution of the funds via the normal litigation process.

**WHEREFORE**, it is hereby **ORDERED** that the motion for interpleader deposit [7] is **GRANTED**.

**IT IS FURTHER ORDERED** that, under 28 U.S.C. § 1335, Plaintiff Transamerica must **DEPOSIT** with the Clerk of the Court an interest-bearing account in the amount of $100,000 plus applicable interest (if any)—the amount that represents the death benefits under the life insurance policy at issue here—**no later than June 3, 2022**.

**IT IS FURTHER ORDERED** that after Plaintiff Transamerica deposits the policy's death benefits into an interest-bearing account with the registry of the court, the Clerk of the Court is **AUTHORIZED** to deduct from the account any fee

2

"authorized by the Judicial Conference of the United States." E.D. Mich. L.R. 67.1(a)(2).

**IT IS FURTHER ORDERED** that upon deposit of the remaining amount of the policy's death benefits, Defendants in this case are **ENJOINED** from instituting any other action in any state or federal court against Plaintiff Transamerica for the recovery of the life insurance policy death benefits involved in this interpleader action.

**SO ORDERED.**

s/ Stephen J. Murphy, III<br>
STEPHEN J. MURPHY, III<br>
United States District Judge

Dated: May 24, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 24, 2022, by electronic and/or ordinary mail.

s/ David P. Parker<br>
Case Manager